# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JUSTIN LEE BEBEE,**

      **Petitioner,**

**v.**                                                    **Case No. 8:24-cv-366-MSS-AEP**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

      **Respondent.**

_____

## ORDER

Justin Lee Bebee petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state-court conviction for burglary with an assault or battery. (Dkt. 1) Respondent asserts that the petition is time barred. (Dkt. 5) Bebee filed a reply opposing dismissal. (Dkt. 6) After reviewing the pleadings and the relevant state-court record (Dkts. 5-2, 8-1), the Court **DISMISSES** the petition as time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Carroll v. Sec'y, DOC, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a

"properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

A state-court jury found Bebee guilty of burglary with an assault or battery. (Dkt. 5-2, Ex. 2) He subsequently received a sentence of thirty years' imprisonment. (Id., Ex. 3) Bebee's conviction was affirmed on direct appeal on May 27, 2016. (Id., Ex. 6) The judgment became final ninety days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—August 26, 2016.

The limitation period ran uninterrupted until it expired one year later, on August 28, 2017. Bebee did not file any tolling applications before that date. Instead, in December 2017, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 5-2, Ex. 7). By that time, however, the AEDPA limitation period had already expired. "[A] state-court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Bebee's § 2254 petition—filed on January 29, 2024—is untimely by several years. (Dkt. 1 at 1)

Bebee does not dispute that his petition is untimely. Instead, he argues that he is entitled to the actual-innocence exception to the AEDPA limitation period. (Dkt. 6 at 3) "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. "'[T]he habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" Rozzelle v. Sec'y, Fla. Dep't Corrs., 672 F.3d 1000, 1017 (11th Cir. 2012) (quoting House v. Bell, 547 U.S. 518, 538 (2006)).

Bebee fails to satisfy the "exceedingly narrow" actual-innocence exception. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). At trial, the victim testified that Bebee and several other people broke into his trailer and battered him. (Dkt. 8-1 at 132-34) The assailants attacked the victim based on a rumor that he had beaten his wife and son. (Id. at 113-14) According to the wife, the rumor was false. (Id. at 114) Bebee called five witnesses at trial. Each was part of the group that drove to the victim's trailer. All testified that Bebee was either inside the car or standing by it during the incident, that he never entered the trailer, and that he did not attack the victim. (Id. at 196-99, 214-15, 251-52, 270-71, 293-94) The jury apparently rejected this testimony, finding Bebee guilty of burglary with an assault or battery. (Dkt. 5-2, Ex. 2)

To support his claim of actual innocence, Bebee alleges that trial counsel refused to call seven "additional witnesses," including Bebee himself. (Dkt. 1 at 16-17; Dkt. 5-

2, Ex. 9, at 4) Like the defense witnesses at trial, these additional witnesses were part of the group that drove to the victim's trailer. (Dkt. 5-2, Ex. 9, at 4; Dkt. 8-2 at 266-67, 270, 273) According to Bebee, the additional witnesses would have testified that he "did not commit the offense," that he was "at the car," and that he "did not approach the residence." (Dkt. 5-2, Ex. 9, at 4) Bebee further contends that trial counsel "was aware of these witnesses and did not call them" even though they were "available to testify."[1] (Id.)

These allegations are insufficient to establish Bebee's actual innocence. First, the proposed testimony does not qualify as "new" evidence. Bebee concedes that he was aware of the "additional witnesses" at the time of trial, and that they were "available to testify." (Dkt. 5-2, Ex. 9, at 4) "Evidence is not 'new' if it was available at trial, but a petitioner merely chose not to present it to the jury." Goldblum v. Klem, 510 F.3d 204, 226 n.14 (3d Cir. 2007); see also Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005) ("Evidence is only 'new' if it was not available at trial and could not have been discovered earlier through the exercise of due diligence."). The alleged "failure of [Bebee's] trial counsel to present testimony from . . . witness[es] known at the time of trial" is insufficient to satisfy the actual-innocence exception. Jackson v. Davenport, No. 2:13-cv-111-WHA, 2015 WL 10491200, at *3 (M.D. Ala. Dec. 11, 2015), adopted by 2016 WL 1060810 (M.D. Ala. Mar. 17, 2016).

---

[1] Bebee alleges that one of the additional witnesses—Edward Knapp—could be overheard on the 911 call placed by the victim during the incident. (Dkt. 5-2, Ex. 9, at 4) But Bebee fails to explain how this fact would have supported his defense.

Second, even if the proposed testimony qualified as "new" evidence, Bebee's claim of actual innocence still fails because "his 'new' evidence is largely cumulative of what the jury heard." Rozzelle, 672 F.3d at 1017. As explained above, the additional witnesses would have merely repeated what the jury heard from the five defense witnesses—namely, that Bebee "did not commit the offense" and never approached the trailer. (Dkt. 5-2, Ex. 9, at 4) Notably, both sets of witnesses were part of the group that drove to the residence. Because the proposed testimony is cumulative, Bebee cannot show that "in light of the new evidence," no juror "would have voted to find him guilty beyond a reasonable doubt.'"[2] McQuiggin, 569 U.S. at 386.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Bebee's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED as time barred**.

2. The Clerk is **DIRECTED** to enter judgment against Bebee and to **CLOSE** this case.

3. Because Bebee neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in*

---

[2] In addition, Bebee presents no evidence—through affidavits or otherwise—that the "additional witnesses" would have testified as he proposes. See Cummings v. Sec'y, Dep't of Corr., No. 8:15-cv-806-VMC-TGW, 2016 WL 1244554, at *2 (M.D. Fla. Mar. 30, 2016) (rejecting actual-innocence claim because petitioner "present[ed] no affidavit or other statement of" proposed defense witness).

*forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529

U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of July 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE